IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. ) |
| v. | ) ) COMPLAINT ) |
| WALMART STORES, Inc. | ) JURY TRIAL DEMAND ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charles Goods who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9 and 13 below, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Walmart Stores, Inc. ("Walmart") violated the ADAAA when it denied Mr. Goods' requests for reasonable accommodation and discharged him because of his disability. The Commission also alleges Defendant discharged Mr. Goods in retaliation for complaining about the denial of his requests for reasonable accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a),

which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northeastern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, Walmart Stores, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Tennessee and the City of Midway, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

Case 2:10-cv-00222   Document 1   Filed 10/07/10   Page 2 of 9   PageID #: 2

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Charles Goods filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November of 2008, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b)(1), 42 U.S.C. §§12112(a), 12112(b)(5)(A), and Section 503, 42 U.S.C. § 12203(a) at its Midway, Tennessee location.

9. These unlawful employment practices include, but are not limited to, Defendant Employer's denial of Mr. Good's request for reasonable accommodation and discharging him because of his disability.

    a. Charles Goods was hired by Defendant in January 1997.

    b. Mr. Goods worked as a Reserve Stock Replenishment (RSR) Outbound Power Equipment Operator in the Break Pack area of Wal-Mart Distribution Center #6039, operating a fork lift

    c. Mr. Goods has thyroid cancer.

    d. In November 2005, Mr. Goods underwent surgery in connection with his cancer.

    e. This surgery severed several nerves and left Mr. Goods with very little feeling or strength in his right shoulder and arm.

    f. Mr. Goods is a qualified individual with a disability.

3
Case 2:10-cv-00222   Document 1   Filed 10/07/10   Page 3 of 9   PageID #: 3

g. Mr. Goods returned to work in the Break Pack area of Wal-Mart Distribution Center #6039.

h. On November 24, 2008, Mr. Goods' supervisor asked him to relieve an employee in the shipping department for a 20-minute break.

i. Mr. Goods advised his supervisor that he could not provide the 20-minute break relief because Mr. Goods could not do the manual lifting required in the shipping department.

j. Defendant then asked Mr. Goods to complete a request for reasonable accommodation.

k. Mr. Goods requested a reasonable accommodation, to keep working in the Break Pack area where he had worked successfully for the prior 12 years, including the three years after his cancer surgery.

l. Defendant claims an essential function of Mr. Goods' job was manual lifting.

m. Mr. Goods' medical provider advised Defendant Employer that Mr. Goods could not lift manually.

n. In practice, Defendant Employer did not require Mr. Goods to do any significant manual lifting in order to perform his job successfully.

o. Mr. Goods' performance reviews all rated him as "highly effective" and "outstanding" in the job.

p. Defendant Employer denied Mr. Goods' requests for reasonable accommodation, asserting that Mr. Goods could not perform the essential functions of his job.

4
Case 2:10-cv-00222  Document 1  Filed 10/07/10  Page 4 of 9  PageID #: 4

q. Defendant Employer did not enter into the interactive process to accommodate Mr. Goods' disability. Instead, Defendant placed Mr. Goods on leave and subsequently discharged him because of his disability.

10. The practices alleged in paragraphs 9(a) through 9(q) above have effectively deprived Mr. Goods of equal employment opportunities and adversely affected his status as an employee because of his disability.

11. The unlawful employment practices complained of above in paragraphs 9(a) through 9(q) were intentional.

12. The unlawful employment practices complained of in paragraphs 9(a) through 9(q) were done with malice or reckless indifference to the federally protected rights of Mr. Goods.

13. The unlawful employment practice includes retaliating against Mr. Goods because of his requests for reasonable accommodation of his disability.

a. On November 24, 2008, Mr. Goods made a written request for an accommodation, to continue to work in the area where he had been working.

b. In response to Mr. Goods' request for an accommodation, on December 18, 2008, Defendant removed Mr. Goods from the workplace and placed him on a 90-day unpaid leave.

c. On December 31, 2008, Mr. Goods appealed the denial of his request for a reasonable accommodation. Mr. Goods requested that Defendant Employer accommodate him by allowing him to remain in the same work area as he had worked for the prior three years, since lifting was minimal in that area.

d. Defendant denied Mr. Goods' appeal.

e. Defendant advised Mr. Goods it was his responsibility to find another position that did not have a written requirement of manual lifting.

f. Defendant extended Mr. Goods' unpaid leave of absence, giving him another 90 days to search through job postings to find a position within the company.

g. Defendant continued to deny Mr. Goods the reasonable accommodation of returning to work as a lift operator in the Break Pack area, where he had continuously worked without incident for the prior 12 years.

h. Mr. Goods filed a charge of discrimination on May 18, 2009.

i. On July 16, 2009, Defendant Employer terminated Mr. Goods in retaliation for his continuing to request a reasonable accommodation for his disability.

14. The effect of the practices complained of in paragraphs 13(a) through 13(i) above has been to deprive Mr. Goods of equal employment opportunities and to otherwise adversely affect his status as an employee because of retaliation.

15. The unlawful employment practices complained of above in paragraphs 13(a) through 13(i) above were intentional.

16. The unlawful employment practices complained of in paragraphs 13(a) through 13(i) above were done with malice or reckless indifference to the federally protected rights of Mr. Goods.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from failing to provide a reasonable accommodation to any qualified individual with

disability, from discharging qualified individuals with disabilities because of their disabilities, from retaliating against qualified individuals with disabilities because of their requesting reasonable accommodation, and any other employment practice which discriminates on the basis of disability.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to make whole Charles Goods by providing appropriate back pay with interest, in an amount to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant Employer to make whole Charles Goods by providing compensation for past and future pecuniary losses, including but not limited to, health insurance/COBRA premiums, life insurance, and medical expenses incurred by Charles Goods and his covered family members after Defendant Employer discharged him because of his disability, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Charles Goods by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, humiliation, inconvenience, mental anguish, and embarrassment in amounts to be determined at trial.

  F. Order Defendant Employer to pay Charles Goods punitive damages for its malicious and reckless conduct in amounts to be determined by trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/Faye A. Williams/ w/ permission by SR*
FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 11730

*/Deidre Smith/ w/ permission by SR*
DEIDRE SMITH
Supervisory Trial Attorney
Tennessee Bar No. 18499

Equal Employment Opportunity Commission
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0140

*/Sally Ramsey/*
SALLY RAMSEY
Senior Trial Attorney
Tennessee Bar No. 18859

Equal Employment Opportunity Commission
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105